Donald E. HANEY, Plaintiff,

v.

TIMESAVERS, INC., et al., Defendants.

Civ. Nos. 93–151–FR, 92–270–FR, 93–703–FR and 94–804–FR.

United States District Court, D. Oregon.

Oct. 19, 1995.

David A. Fanning, Peter E. Heuser, M.H. Hartwell, Kolisch, Hartwell, Dickinson, McCormack & Heuser, Portland, OR, for Plaintiff.

James Campbell, Garth A. Winn, Klarquist, Sparkman, Campbell, Leigh & Whinston, Portland, OR, for Defendants.

## OPINION

FRYE, District Judge:

The matters before the court are 1) Haney's motion for partial summary judgment concerning enforceability, invalidity under 35 U.S.C. § 112, and infringement of claim 14 (# 229); and 2) Timesavers' cross-motion for summary judgment on claim 14 of the '913 patent (# 239).

## BACKGROUND

The plaintiff, Donald E. Haney, owns patent 5,081,794 (the '794 patent); patent 5,181,342 (the '342 patent); and patent 5,321,913 (the '913 patent) covering various orbital sanders. Haney has alleged in these consolidated actions that defendant Timesavers, Inc. (Timesavers) infringes his patents by making, using and selling sanders covered by claim 20 of the '794 patent, claims 2–6, 8–12, 14, 17–19, 21–24 and 26 of the '342 patent, and claims 3 and 14 of the '913 patent.

## CONTENTIONS OF HANEY

Haney contends that he is entitled to an order of summary judgment in his favor with respect to the affirmative defenses alleged by Timesavers that the '794 patent, the '342 patent, and the '913 patent are unenforceable because of inequitable conduct and laches.

Haney further contends that he is entitled to summary judgment in his favor with respect to the affirmative defenses alleged by Timesavers that the '913 patent is invalid because of enablement, overbreadth, indefiniteness, inoperability and concealment of the best mode.

Finally, Haney renews his motion for summary judgment that Timesavers infringes claim 14 of the '913 patent, which motion was denied by the Honorable Ancer L. Haggerty, United States District Court Judge on April 26, 1995.

## CONTENTIONS OF TIMESAVERS

Timesavers contends that it is entitled to summary judgment in its favor with respect to its affirmative defenses of enablement, overbreadth and indefiniteness to claim 14 of the '913 patent.

Timesavers further contends that Haney is not entitled to summary judgment in its favor with respect to Timesavers' affirmative defenses of inequitable conduct and laches as to the '794 patent, the '342 patent, and the '913 patent, and with respect to Timesavers' affirmative defenses of inoperability and concealment of the best mode of claim 14 of the '913 patent on the grounds that there are genuine issues of material fact to be resolved.

Finally, Timesavers contends that summary judgment in favor of Haney with respect to infringement of claim 14 of the '913 patent is not appropriate because the court has heretofore found that there are genuine issues of fact precluding a grant of summary judgment.

## APPLICABLE STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact.

Once the initial burden of the moving party is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of material fact to be tried. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-moving party must make a sufficient showing on all essential elements of the case with respect to which the non-moving party has the burden of proof. *Id.*

The decision faced by the court is essentially the same decision faced by a court on a motion for a directed verdict—that is, whether the evidence on the motion for summary judgment presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If reasonable minds could differ as to the conclusions drawn from the evidence in the record, the motion for summary judgment should be denied. *Id.*

## ANALYSIS

1. *Inequitable Conduct*

A. *Contentions of the Parties*

Timesavers has alleged in its pleadings that Haney's '794 patent, '342 patent, and '913 patent are unenforceable because of the inequitable conduct of Haney during the prosecution of those applications before the Patent and Trademark Office (Patent Office). *See* Defendants' Answer to the First Amended Complaint for Patent Infringement, Civil No. 94–804–FR, pp. 8–11.

Timesavers contends that Haney committed inequitable conduct in the prosecution of his third patent, the '913 patent, through the following actions:

—withholding material information concerning the ongoing litigation with respect to the earlier patents, such as the discussions of the prior art in the Court's summary judgment decisions and the experts' declarations;

—burying material prior art within other, less relevant references;

—deleting certain language concerning the prior art from the specification; and

—attempting to add new matter.

Timesavers' Memorandum in Response to Haney's Motion for Partial Summary Judgment, pp. 14–15.

Timesavers contends that the court should allow its defense of inequitable conduct on the part of Haney to go forward because Haney did not submit to the Patent Office the opinions of the court from prior litigation concerning infringement of the '794 patent and the '342 patent; Haney did not disclose to the Patent Office the declarations of Timesavers' experts, Paul Petersen and Richard Seed, from the prior litigation who explained the materiality of the prior art to Haney's sander; and Haney buried the references to the Meyer patent and the Peyches patent among a group of ninety-one other, mostly far less relevant, references.

Haney contends that there is no evidence of inequitable conduct on his part as to the prosecution of the '794 patent and the '342 patent. Haney further contends that Timesavers' charges of inequitable conduct during the prosecution of the '913 patent are factually incorrect and/or inadequate as a matter of law to support such a claim in this case.

Haney argues that the Patent Office was notified by the Clerk of the United States District Court for the District of Oregon as to the pending litigation involving the '794 patent and the '342 patent, and that Haney disclosed all relevant prior art, including the Meyer patent and the Peyches patent, to the Patent Office during the prosecution of the '913 patent in accordance with the applicable regulations. Haney argues that there is no evidence of any intent on his part to mislead the Patent Office by withholding material information.

### B. *Applicable Law*

The duty of an applicant to disclose material information is set forth in 37 C.F.R. § 1.56(a), which states, in part:

Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known

to that individual to be material to patentability as defined in this section.

In *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411 (Fed.Cir.1987), the United States Court of Appeals for the Federal Circuit explained:

"Inequitable conduct" is not, or should not be, a magic incantation to be asserted against every patentee. Nor is that allegation established upon a mere showing that art or information having some degree of materiality was not disclosed. To be guilty of inequitable conduct, one must have intended to act inequitably. Thus, one who alleges a "failure to disclose" form of inequitable conduct must offer clear and convincing proof of: (1) prior art or information that is material; (2) knowledge chargeable to applicant of that prior art or information and of its materiality; and (3) failure of the applicant to disclose the art or information resulting from an intent to mislead the [Patent and Trademark Office].

*Id.* at 1415 (footnote omitted).

### C. *Ruling of the Court*

Timesavers has not come forth with any evidence to support its claim of inequitable conduct on the part of Haney during the prosecution of the '794 patent and the '342 patent. The remaining issue is whether Haney is entitled to summary judgment in his favor with respect to its alleged inequitable conduct during the prosecution of the '913 patent.

■ The evidence in this case establishes that Haney disclosed to the Patent Office the Meyer and Peyches references relied upon by Timesavers. On April 26, 1993, the Patent Office received from Haney a form on which Haney identified the Peyches patents. *List of Prior Art Cited by Applicant,* Prosecution History of Patent 5,312,913 (attached as Exhibit 3 to Timesavers' Memorandum in Response to Haney's Motion for Partial Summary Judgment). This notice of prior art was in accordance with the regulations of the Patent Office. There is no evidence that Haney breached any duty of disclosure as to prior art during the prosecution of the '913 patent.

Timesavers further contends that Haney engaged in inequitable conduct by not informing the Patent Examiner about material information from the prior litigation involving the '794 patent and the '342 patent. The Patent Office was notified, however, by this court of the existence of this litigation pursuant to the requirements of 35 U.S.C. § 290.

The Patent Office knew of the prior litigation and the prior art. Timesavers' complaints as to how this information was conveyed to the Patent Office cannot form the basis for a claim of inequitable conduct. The court cannot infer an intent to deceive on the part of Haney from the manner in which the information was conveyed to the Patent Office when the information was, in fact, conveyed. The court finds that there is insufficient evidence in this case to support Timesavers' claim of inequitable conduct on the part of Haney. Haney is entitled to summary judgment in his favor on claims by Timesavers that the '794 patent, the '342 patent, and the '913 patent are unenforceable because of the inequitable conduct of Haney during the prosecution of those applications.

### 2. Laches

#### A. Contentions of the Parties

Timesavers contends that Haney has delayed in filing continuation applications for the purpose of obtaining patents on broader or different claims involving the same subject matter as claimed in the original patent application. Timesavers contends that this delay by Haney renders the '342 patent and the '913 patent unenforceable on the grounds of laches.

Haney contends that Timesavers' asserted defense of laches is really an objection to Haney obtaining additional patents after he was awarded his first patent and has no merit.

#### B. Applicable Law

■ In order to invoke the defense of laches, a defendant has the burden to prove two factors: 1) the plaintiff has delayed for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant; and 2) the delay operated to the prejudice or injury of the defen-

dant. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed.Cir. 1992).

#### C. Ruling of the Court

■ The '794 patent was issued January 21, 1992, and Haney filed his action on March 6, 1992; the '342 patent was issued January 26, 1993, and Haney filed his action on February 5, 1993; and the '913 patent was issued June 21, 1994, and Haney filed his action on July 6, 1994. There is no delay in this case between the issuance of the patent and the initiation of the action. Timesavers instead asserts that the '342 patent and the '913 patent are unenforceable because Haney knew all of the aspects of his invention in 1990 when he filed his first application, but has filed continuing applications in subsequent years in an attempt to stretch his originally filed application to cover other sanders in the marketplace.

35 U.S.C. § 120 expressly permits Haney to file additional applications to obtain additional claims. Furthermore, it is not " 'improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application.' " *Texas Instruments Inc. v. United States Int'l Trade Comm'n*, 871 F.2d 1054, 1065 (Fed.Cir.1989) (quoting *Kingsdown Medical Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed. Cir.1988), *cert. denied*, 490 U.S. 1067, 109 S.Ct. 2068, 104 L.Ed.2d 633 (1989)).

In summary, there are no facts or law to support Timesavers' claim that Haney's '342 patent and '913 patent are unenforceable because Haney continued to file additional applications. Haney is entitled to summary judgment on Timesavers' affirmative defense of laches.

### 3. Infringement of Claim 14 of the '913 Patent

■ On April 26, 1995, Judge Haggerty entered an order denying the motion of Haney for partial summary judgment of infringement. In the opinion that he filed on that same day, Judge Haggerty concluded that Haney had failed to prove that every

limitation of claim 14 of Haney's '913 patent is found in Timesavers' accused sander.

Claim 14 of Haney's '913 patent reads as follows:

14. An orbital sander comprising:

a frame,

a first motor mounted on the frame,

a moveable brace supported by the frame,

a first shaft rotatable by the first motor and linked to the moveable brace and configured to move the brace when the shaft is rotated by the first motor,

a second motor mounted on the brace, first and second bearings mounted on the brace,

a moveable, elongate platen having a flat bottom surface with side edges and an upper region,

third and fourth bearings mounted on the platen's upper region,

second and third shafts rotatable by the second motor, held by the first and third and second and fourth bearings, respectively, so that the shafts support the platen, and where the shafts are configured to move the platen in a translational orbit when the shafts are rotated by the second motor,

a pad held on the platen's flat bottom surface,

a fastener associated with the platen,

a sheet of sandpaper secured by the fastener to the platen's flat bottom surface over the side edges and over the pad so that the sandpaper moves when the platen moves, and

a conveyor supported by the frame and positioned beneath the platen's flat bottom surface.

United States Patent No. 5,321,913, col. 8, lns. 27–53 (attached as Exhibit 6 to Timesavers' Memorandum in Response to Haney's Motion for Partial Summary Judgment).

The dispute between Haney and Timesavers continues to be over the following claim limitation from claim 14:

a first shaft rotatable by the first motor and linked to the moveable brace and configured to move the brace when the shaft is rotated by the first motor,

In the opinion that he filed on April 26, 1995, Judge Haggerty explained:

Timesavers contends that this claim limitation must be interpreted to mean that two shafts, as opposed to a single shaft, must be linked to the moveable brace. Timesavers further contends that because the accused sander uses a crank-and-slider mechanism with a single shaft to perform the function of the limitation, it does not literally infringe claim 14.

Opinion, pp. 14–15.

Haney argued that the claim limitation of a "first shaft" should not be interpreted to mean "two shafts," because to do so would read a limitation from the patent specification into the claim.

Judge Haggerty noted that Timesavers had presented the testimony of an expert witness who stated that the sander described by claim 14 would be inoperable if it was constructed with a single shaft. In addition, Judge Haggerty stated that the specifications for the '913 patent describe only a device which uses a dual-shaft mechanism to move the attached brace, but he noted that limitations appearing exclusively in the specification should not be read into the patent claims.

Judge Haggerty concluded:

This court recognizes that all of the drawings of the preferred embodiment of Haney's claimed invention contained within the '913 patent, as well as the commercial embodiment of the invention show a device having two shafts linked to the moveable brace. This court is not attempting to compare the accused sander to the commercial embodiment or to any of the specific drawings in the patent. Instead, these notable absences further evidence that the sander defined in claim 14 may not function using a single shaft.

The issue is not that this court is incapable of reasonably construing claim 14 so as to define an operable device. The record reflects that Haney's sander has achieved commercial success which is compelling evidence that the claimed invention is operable. Haney, however, offers an interpretation of this claim 14 limitation which might be violative of the rule that claims are to be interpreted in a manner sustaining validity. This court cannot, based upon the

record before it, determine whether this rule would be transgressed if it adopted Haney's interpretation.

Although Haney has presented no evidence that the sander defined in claim 14 could operate with only a single shaft linked to the moveable brace[,] Timesavers has, similarly, failed to present sufficient evidence to convince this court that a single-shafted sander containing each of the limitations found in claim 14 is functionally inconceivable. This court therefore concludes that genuine issues of material fact exist as to whether the device defined by claim 14 could operate using a single shaft to move the brace. Even if the claim limitation at issue could be interpreted to include the crank-and-slider mechanism employed in the accused sander, genuine issues of material fact would exist concerning whether that interpretation improperly covers prior art.

Opinion, pp. 17–18 (citations omitted).

Haney contends that Judge Haggerty improperly relied upon the testimony of Timesavers' expert witness regarding the operability of the sander with one shaft. Haney argues that this testimony is irrelevant to the issues of claim interpretation and infringement, and that the court should now interpret the remaining limitation of claim 14.

Haney argues that the language "a first shaft rotatable by the first motor and linked to the moveable brace and configured to move the brace when the shaft is rotated by the first motor" should be interpreted to refer to exactly what it says, and that nothing in the '913 patent or its prosecution history suggests that this limitation should be given a specialized or different meaning. Haney contends that when this claim language is given its plain meaning, it is clear that Timesavers' O/B sanders include the limitation.

Timesavers contends that it was proper for Judge Haggerty to accept the testimony of Timesavers' expert witness regarding operability; that it was appropriate for Judge Haggerty to examine the operability of the sander described in claim 14 as interpreted by Haney in order to determine whether claim 14 was valid under Haney's interpretation; and that if the court found the sander inoperable under Haney's interpretation of

claim 14, then the court could determine whether it would construe the claim in a different way so as to uphold its validity.

The arguments of the parties in this case reflect the tension between two general principles of patent law. On the one hand, "[i]t is well established that a properly construed patent claim which defines an inoperable device renders that claim invalid. It is also well established that patent claims must be construed, where possible, in a manner as to sustain their validity." Haggerty Opinion, p. 15 (citation omitted).

On the other hand, "limitations appearing exclusively in the specification should not be read into the patent claims. However, this court must read and construe claim 14 in light of the specification." Id. at 16–17.

■ The interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, are matters of law for the court. Markman v. Westview Instruments, Inc., 52 F.3d 967, 978 (Fed.Cir.1995). "[T]he words of a claim are generally given their ordinary and accustomed meaning, unless it appears from the specification or the file history that they were used differently by the inventor." Carroll Touch, Inc. v. Electro Mechanical Sys., Inc., 15 F.3d 1573, 1577 (Fed.Cir.1993). "'To ascertain the meaning of claims, we consider three sources: The claims, the specification, and the prosecution history.'" Markman, 52 F.3d at 979 (quoting Unique Concepts, Inc. v. Brown, 939 F.2d 1558, 1561 (Fed.Cir.1991)).

■ While the claims must be read in view of the specifications, of which they are a part, the court cannot use the specifications to enlarge, diminish or vary the claims. See Markman, 52 F.3d at 979–80.

In this case, the limitation in claim 14 of the '913 patent states "a first shaft rotatable by the first motor and linked to the moveable brace and configured to move the brace when the shaft is rotated by the first motor." The specification of the '913 patent describes only a device which uses a dual-shaft mechanism to move the attached brace. These facts cannot be reconciled by interpreting the language of the claim "first shaft" to mean "two

shafts" or "dual shafts." This would vary the claim language and would read limitations into the claim language which appear exclusively in the specification. If the invention described in claim 14 of the '913 patent is inoperable unless the term "first shaft" means "two shafts," then the patent is invalid and this court cannot save the patent by varying the claim language.

This court adheres to Judge Haggerty's conclusion:

> that genuine issues of material fact exist as to whether the device defined by claim 14 could operate using a single shaft to move the brace. Even if the claim limitation at issue could be interpreted to include the crank-and-slider mechanism employed in the accused sander, genuine issues of material fact would exist concerning whether that interpretation improperly covers prior art,

Opinion at 18, and to the prior order denying summary judgment in favor of Haney. Haney must first prove that his '913 patent is valid and that Timesavers' sander infringes his '913 patent.

### 4. Lack of Enablement, Overbreadth, Indefiniteness and Inoperability

#### A. Contentions of the Parties

Timesavers asserts in its pleadings that Haney's '913 patent is invalid due to a lack of enablement, overbreadth, and indefiniteness.

Haney contends that he is entitled to summary judgment as to this defense because his patents include detailed drawings and an extensive text describing his invention.

Timesavers contends that Haney has failed to provide a written description of the sander recited in claim 14 of the '913 patent and a written statement of the "manner and process of ... using" that sander. Timesavers argues that the drawings and the text relied upon by Haney enable the building of a sander with two shafts, but not the sander described in claim 14, which has only a "first shaft." Because no other description exists for the sander in claim 14 with only a "first shaft," Timesavers argues that claim 14 fails for lack of enablement and is therefore invalid.

#### B. Applicable Law

35 U.S.C. § 112, paragraph 1, requires that:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to .enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same....

■ Section 112, paragraph 2, requires that each patent include claims "particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." A claim is indefinite where one skilled in the art cannot "understand what is claimed when the claim is read in light of the specification." *Morton Int'l, Inc. v. Cardinal Chem. Co.,* 5 F.3d 1464, 1470 (Fed.Cir.1993).

#### C. Ruling of the Court

■ The court concludes that a genuine issue of material fact exists as to whether the specifications in the '913 patent, which describe only a device that uses a dual-shaft mechanism to move the attached brace, are adequate to sustain the validity of claim 14 as stated in the '913 patent, which requires "a first shaft rotatable by the first motor and linked to the moveable brace and configured to move the brace when the shaft is rotated by the first motor."

The court concludes that neither Haney nor Timesavers is entitled to summary judgment on the defenses asserted by Timesavers of lack of enablement, overbreadth, indefiniteness and inoperability.

### 5. Best Mode of Carrying Out an Invention

■ Timesavers alleges as a defense that Haney's '913 patent is invalid under 35 U.S.C. § 112 because it fails to set forth the best mode contemplated by Haney of carrying out his invention. Timesavers argues that whether Haney "knew of but concealed the preferred mode of practicing the claimed invention from the public" (Timesavers' Memorandum in Response to Haney's Mo-

tion for Partial Summary Judgment, p. 20) is a question of fact. Timesavers explains:

> As part of his first patent application in August 1990, Haney disclosed an orbit having 5/8″ diameter in the specification. Yet Haney has testified that in August 1990, the Finale sander—the commercial embodiment—used a smaller orbit with a 5/16″ diameter. Haney continued to file the original specification in the subsequent continuation applications instead of filing a continuation-in-part application with the correct dimension as soon as Haney realized the dimension was incorrect. Thus, Haney did not disclose the best mode—the smaller orbit diameter used on the actual sander—to the public.

*Id.* at 21.

Haney responds that Timesavers has failed to identify any evidence that one dimension is any better than the other dimension and that Haney has concealed such information if it exists.

The court finds that Haney is entitled to summary judgment on this defense. Timesavers has failed to come forward with evidence to support this defense.

## CONCLUSION

The court rules as follows:

(1) Haney's motion for partial summary judgment concerning enforceability, invalidity under 35 U.S.C. § 112, and infringement of claim 14 (# 229) is granted as to the affirmative defenses of inequitable conduct, laches, and best mode and is denied as to all other matters raised; and

(2) Timesavers' cross-motion for summary judgment on claim 14 of the '913 patent (# 239) is denied.